IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SEGREGATED PORTFOLIO 164, INC.,**
A Florida Corporation

       **Plaintiff,**

vs.                                     Case No. 8:13-cv-694-VCM-TGW

**IS AGENCY, INC. AND ERIC STEIN,**

       **Defendants.**
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, IS Agency, Inc. and Eric Stein, (collectively "Defendants" or individually "IS Agency" or "Stein" ), by and through their undersigned counsel, hereby file and serve their Answer and Affirmative Defenses to Plaintiff's Complaint, and says:

As to the specific numbered allegations of Plaintiff's Complaint, Defendants say:

## STATEMENT OF JURISDICTION

1.     It is admitted that Plaintiff is a Florida Corporation; otherwise the Defendants are without knowledge and deny these allegations.

2.     Without knowledge and therefore denied.

3.     Admitted.

4.     Admitted.

5.     Denied.

## FACTUAL ALLEGATIONS

6.     Defendants admits that Plaintiff calls itself a "Producer" of insurance; otherwise without knowledge and therefore denied.

1

7. It is admitted that at times Plaintiff did procure insurance for HR Staffing, Inc.

8. It is admitted that at that times Plaintiff did have a business relationship with Patriot Underwriters; otherwise denied.

9. Denied.

10. It is admitted that Plaintiff has attached two documents purporting to show what is alleged; otherwise denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendant does not understand and therefore denies this allegation.

15. Denied.

16. Denied.

17. Defendants reallege their answers to the allegations set forth in Paragraphs 1 through 16 above, as if set forth herein in full.

18. Without knowledge and therefore denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendants reallege their answers to the allegations set forth in Paragraphs 1 through 16 above, as if set forth herein in full.

23. Without knowledge and therefore denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants reallege their answers to the allegations set forth in Paragraphs 1 through 16 above, as if set forth herein in full.

28. It is admitted that at that times Plaintiff did have a business relationship with Patriot Underwriters; otherwise denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendants reallege their answers to the allegations set forth in Paragraphs 1 through 16 above, as if set forth herein in full.

33. This allegation is not a complete sentence and is not comprehensible; therefore it is denied.

34. Without knowledge and therefore denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants reallege their answers to the allegations set forth in Paragraphs 1 through 16 above, as if set forth herein in full.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants assert the following defenses and affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege sufficient facts to support jurisdiction over the person of IS Agency. Defendant IS Agency denies that the Court has personal jurisdiction over it or that there exists any factual or legal basis for in personam jurisdiction over it. It is not alleged to have entered Florida, it did not act or enter Florida, nor are there allegations of any act committed by it in Florida. No allegations and no alleged facts support in personam jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege sufficient facts to support jurisdiction over the person of Eric Stein. Defendant Eric Stein denies that the Court has personal jurisdiction over him or that there exists any factual or legal basis for in personam jurisdiction over him. He is not alleged to have entered Florida, he did not act or enter Florida, nor are there allegations of any act committed by him in Florida. No allegations and no alleged facts support in personam jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's allegations of subject matter jurisdiction are inadequate as a matter of law and this Court lacks subject matter jurisdiction over the claims asserted by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Count I fails to state a cause of action against Defendant IS Agency. There are inadequate factual allegations to show or establish a plausible claim. The allegations fail to establish how the alleged loss plausibly resulted from the alleged error. Additionally, Plaintiff's factual allegations of "fraudulent" activity fail to comply with the requirement that allegations of

fraud be set out with specificity. Furthermore, Plaintiff fails to factually allege a direct interference or a plausible connection between the alleged actions of Defendant IS Agency and the claim of loss by Plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that courts are not "not bound to accept as true a legal conclusion couched as a factual allegation").

**FIFTH AFFIRMATIVE DEFENSE**

Count II fails to state a cause of action against Defendant IS Agency. There are inadequate factual allegations to show or establish a plausible claim. The allegations fail to establish how the alleged loss plausibly resulted from the alleged error. Additionally, Plaintiff's factual allegations of "fraudulent" activity fail to comply with the requirement that allegations of fraud be set out with specificity. Furthermore, Plaintiff fails to factually allege a direct interference or a plausible connection between the alleged actions of Defendant IS Agency and the claim of loss by Plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that courts are not "not bound to accept as true a legal conclusion couched as a factual allegation").

**SIXTH AFFIRMATIVE DEFENSE**

Count III fails to state a cause of action against Defendant IS Agency. There are inadequate factual allegations to show or establish a plausible claim. The allegation fails to establish how the alleged loss plausibly resulted from the alleged error. Additionally, Plaintiff's factual allegations of "fraudulent" activity fail to comply with the requirement that allegations of fraud be set out with specificity. Furthermore, Plaintiff fails to factually allege a direct

interference or a plausible connection between the alleged actions of Defendant IS Agency and the claim of loss by Plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that courts are not "not bound to accept as true a legal conclusion couched as a factual allegation").

## SEVENTH AFFIRMATIVE DEFENSE

Count IV fails to state a cause of action against Defendant IS Agency. There are inadequate factual allegations to show or establish a plausible claim. The allegations fail to establish how the alleged loss plausibly resulted from the alleged error. Additionally, Plaintiff's factual allegations of "fraudulent" activity fail to comply with the requirement that allegations of fraud be set out with specificity. Furthermore, Plaintiff fails to factually allege a direct interference or a plausible connection between the alleged actions of Defendant IS Agency and the claim of loss by Plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that courts are not "not bound to accept as true a legal conclusion couched as a factual allegation").

## EIGHTH AFFIRMATIVE DEFENSE

Count V fails to state a cause of action against Defendant Eric Stein. There are inadequate factual allegations to show or establish a plausible claim, that the alleged acts of "Mike Johnson" were known to Eric Stein or, alternatively, that he should have known of them, even assuming those alleged acts occurred, or that any duty was owed by Defendant Eric Stein to Plaintiff. The allegations fail to establish how the alleged loss plausibly resulted from the alleged error. Additionally, Plaintiff's factual allegations of "fraudulent" activity fail to comply

with the requirement that allegations of fraud be set out with specificity. Furthermore, Plaintiff fails to factually allege a direct interference or a plausible connection between the alleged actions of Defendant IS Agency and the claim of loss by Plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that courts are not "not bound to accept as true a legal conclusion couched as a factual allegation").

## NINTH AFFIRMATIVE DEFENSE

Any amount which Plaintiff claims is due and owing to Plaintiff for lost profits or other monies must be mitigated and reduced by the amount of profits and moneys Plaintiff earned or through the exercise of reasonable diligence could have earned or received, during the period for which losses are sought by Plaintiff. Plaintiff further must mitigate all damages and to the extent Plaintiff has failed to do so, Plaintiff's damage claims must be reduced.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's losses are the direct and proximate result of Plaintiff's own negligence and any claim of Plaintiff must be reduced by the level or percentage of Plaintiff's own negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

All acts and actions of Defendant IS Agency were done with the express or implied consent of the insured and were in no way intended to interfere with any alleged business relationship of Plaintiff with any entity.

## TWELFTH AFFIRMATIVE DEFENSE

All acts and actions of Defendant IS Agency were done with and for the purpose of legitimate and proper business actions and were in no way intended to interfere with any alleged business relationship of Plaintiff with any entity.

2278338.1

### THIRTEENTH AFFIRMATIVE DEFENSE

All acts and actions of Defendant IS Agency were done with the express or implied consent of the insured and were privileged business actions of IS Agency and its agents and employees.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was, at all material times, an at-will "Producer" in its business relationship with other entities and that the mere expectancy of an ongoing relationship does not support the claims of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was, at all material times, an at-will "Producer" in its business relationship with other entities and that the loss of any business relationship with any other entity was not caused by any action of Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was, at all material times, an at-will "Producer" in its business relationship with other entities and that the loss of any business relationship with any other entity was caused by Plaintiff's own errors, mistakes and misconduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of losing its business relationships and failed to take appropriate acts and steps to safeguard those relationships and was the cause if its own loss and damage thereby.

2278338.1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any loss allegedly suffered by Plaintiff was suffered due to or was caused by the intervening acts or negligence of third parties and their intervening acts were the sole and proximate cause of Plaintiff's alleged loss.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any loss allegedly suffered by Plaintiff was suffered due to or was caused by the intervening acts or negligence of third parties and negligence must be appropriately apportioned to such third parties as a matter of law.

All allegations of the Complaint not specifically admitted hereinabove are denied.

Defendant reserves its right to amend this Answer and assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, premises considered, Defendants pray that this Honorable Court, upon hearing hereof, enter judgment as follows:

1. Order that Plaintiff take nothing by this action;

2. Dismiss Plaintiff's Complaint and any claim therein in its entirety with prejudice;

3. Order that judgment be entered in Defendants' favor;

4. Award costs to Defendants pursuant to the Federal Rules of Civil Procedure; and

5. Award Defendants such other relief, both at law and in equity, to which it may show itself to be justly entitled.

/s/ John W. Campbell
John W. Campbell, Esq., FBN 198021
jcampbell@constangy.com
Cherie L. Silberman, Esq., FBN 0015724
csilberman@constangy.com

2278338.1

CONSTANGY BROOKS & SMITH, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
(813) 223-7166 / Fax: (813) 223-2515
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of May 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record herein and that an electronic copy of this document was otherwise served by the undersigned counsel via e-mail on the following:

Michael A. Ziegler, Esq., FBN 74864
mike@zieglerlawoffice.com
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North
Suite 129
Clearwater, FL 33760
(727) 538-4188 / Fax: (727) 362-4778

                              /s/ John W. Campbell