UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEGREGATED PORTFOLIO 164, INC.,

    Plaintiff,

v.                              Case No. 8:13-cv-694-T-33TGW

IS AGENCY, INC. and ERIC
STEIN,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendant Eric Stein and Defendant IS Agency, Inc.'s separate Motions to Dismiss (Doc. ## 16, 17) filed on October 4, 2013, and October 8, 2013, respectively. Plaintiff Segregated Portfolio 164, Inc. (SP 164) filed a single response in opposition to both Motions (Doc. # 18) on October 14, 2013. For the reasons that follow, the Motions are denied without prejudice.

**I.**    **Background**

SP 164 is a Florida corporation and "Producer [of insurance] by Agreement with Patriot Underwriters, for the benefit of Ullico Casualty Company and Guarantee Insurance Company." (Doc. # 1 at ¶¶ 1, 6). SP 164 was formerly a

producer of workers compensation insurance for HR Staffing, Inc. (Id. at ¶ 7).

SP 164 alleges that, in April of 2011, "Defendants began fraudulently producing Certificates of Insurance." (Id. at ¶ 9). These Certificates, two of which SP 164 has attached to the Complaint, "show[ ] IS Agency, Inc. as the Producer, and HR Staffing, Inc. and HR Solutions of America, LLC, as the insured." (Id. at ¶ 10; Doc. # 1-1 at 1). SP 164 contends that, "[w]hile HR Staffing, Inc. and HR Solutions of America, LLC, may have had insurance policies with Ullico Casualty Company, neither HR Staffing nor HR Solutions of America, LLC authorized these Certificates to be issued." (Doc. # 1 at 11).

SP 164 alleges that "IS Agency was responsible for the production of the fraudulent certificates" attached to the Complaint, and that Eric Stein "acted as the supervisor for 'Mike Johnson,' the agent who issued the erroneous certificates." (Id. at ¶¶ 12-13). Furthermore, SP 164 claims that, "as a direct and proximate result of IS Agency's issuance of the fraudulent certificates, Patriot Underwriters terminated Plaintiff's producer agreement," and "Plaintiff's insurance captive and all policies that were insured by Ullico Casualty Company and Guarantee

2

Insurance Company produced by Plaintiff - including HR Staffing - were non-renewed." (Id. at ¶¶ 15-16).

On March 18, 2013, SP 164 initiated this action by filing a five-count Complaint, alleging as causes of action (1) "Tortious Interference with Advantageous Business Relationship Ullico Casualty"; (2) "Tortious Interference with Advantageous Business Relationship Guarantee Insurance Company"; (3) "Tortious Interference with Advantageous Business Relationship Patriot Underwriters"; (4) "Tortious Interference with Advantageous Business Relationship HR Staffing, Inc."; and (5) negligent supervision. (See Doc. # 1).

IS Agency, a Georgia corporation, and Stein, a Georgia resident and owner of IS Agency, filed independent Motions to Dismiss on October 8, 2013, and October 4, 2013, respectively. (Doc. ## 16, 17). Each Motion argues that the Court lacks personal jurisdiction over these Defendants and seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). (Id.). SP 164 filed a response in opposition to the Motions (Doc. # 18) on October 14, 2013. The Court has reviewed the Motions, as well as the response, and is otherwise fully advised in the premises.

## II. Legal Standard

"It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008). "A plaintiff bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." R&R Games, Inc. v. Fundex Games, Ltd., No. 8:12-cv-1957-T-27TBM, 2013 WL 784397, at *1 (M.D. Fla. Mar. 1, 2013) (citing United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Once the defendant challenges personal jurisdiction by submitting evidence in support of its position, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction." Id. (citing

4

Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).

The determination of whether a court has personal jurisdiction over a defendant is governed by a two-part analysis. First, the court must determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute. See Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). Second, once it has determined that the long-arm statute is satisfied, the court must determine whether plaintiff's assertion of jurisdiction comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice. See id.; Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996).

The parties have each submitted evidentiary materials to support their respective positions. "While consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, see Fed. R. Civ. P. 12(b), in the context of personal jurisdiction the motion remains one to dismiss even if evidence outside the pleadings is considered." Steinberg v. A Analyst Ltd., No. 04-60898, 2009 WL 806780, at *3 (S.D. Fla. Mar. 26, 2009).

Where a district court exercises its discretion not to hold an evidentiary hearing on the issue of personal jurisdiction, a plaintiff "need not prove the existence of personal jurisdiction by a preponderance of the evidence; rather, the plaintiff's burden is to establish a prima facie case of personal jurisdiction." Id. "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." S.E.C. v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997) (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)). "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." Id. "Finally, where the plaintiff's complaint and the defendant's affidavits . . . conflict, the district court must construe all reasonable inferences in favor of the plaintiff." Id.

**III. Discussion**

    **A.    Florida's Long Arm Statute**

In response to the Motions to Dismiss, SP 164 argues that sections 48.193(1)(a)(1) and 48.193(1)(a)(7) of the

6

Florida long-arm statute apply in this case. (Doc. # 18 at 5).[1] Those sections provide, in relevant part:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> (1) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> \*   \*   \*
>
> (7) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. §§ 48.193(1)(a)(1), (a)(7).

SP 164 claims Defendants have satisfied these sections because (1) Defendants "entered into a business relationship with the Plaintiff who Defendants knew was based in Tampa, Florida," (2) Defendants "engaged in fraudulent or negligent conduct that clearly would lead to harm . . . when Defendants improperly issued certificates

---

[1] Although both Defendants argue that the exercise of personal jurisdiction would be inappropriate under any of the subsections of 48.193(1)(a) as well as 48.193(2) (Doc. # 16 at 4; Doc. # 17 at 4), SP 164 has addressed only subsections 48.193(1)(a)(1) and 48.139(1)(a)(7) of the long-arm statute in its response. (Doc. # 18 at 5). Accordingly, the Court confines its analysis at this juncture to the subsections addressed by SP 164.

of insurance without Plaintiff's authorization," and (3) "[i]t was plainly foreseeable that any damages that resulted from Defendants' conduct would be felt in Tampa, Florida." (Doc. # 18 at 5).

Curiously, the Complaint itself alleges neither the existence of a contract nor a general business relationship between SP 164 and Defendants. The affidavit of Jeffrey Kaplan, president of SP 164, states that Kaplan "met with [non-party] Shane Bidwell," who Kaplan perceived to be "a business partner with Eric Stein and a[ ] representative for IS Agency, Inc." (Doc. # 18-1 at 1). However, Kaplan's affidavit contains no statement regarding the existence of a contractual relationship between SP 164 and IS Agency, but merely states that Kaplan and Bidwell "discussed placing business through Plaintiff as a producer of insurance," and that "[u]ltimately, Plaintiff and IS Agency, Inc. did have a business relationship whereby Plaintiff acted as the producer of insurance for policies on which IS Agency, Inc. was the agent." (Id.).

Without so much as alleging the existence of a contract in the instant case, the Court finds that SP 164 has failed to demonstrate that Defendants are subject to

8

personal jurisdiction under section 48.193(1)(a)(7) of the long-arm statute.

As for the application of section 48.193(1)(a)(1), the Court notes that "[a]lleging that [a] defendant has engaged in the transaction of business in Florida is not the same as alleging the defendant is 'engaging in . . . a business or business venture in this state.'" Schwab v. Hites, 896 F. Supp. 2d 1124, 1135 (M.D. Fla. 2012) (quoting Fla. Stat. § 48.193(1)(a)). "Engaging in a single act for profit can amount to a business venture, . . . but not every gainful transaction involving a Florida resident amounts to a business venture." Id. (internal quotation and citation omitted). "Some factors the Court must consider include the 'presence and operation of an office in Florida, [ ] the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients.'" Id. (quoting Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005)).

In arguing that this Court lacks personal jurisdiction over Defendants, IS Agency relies on a declaration by Eric Stein which avers that "IS Agency does not do business in

Florida, has no accounts in Florida, has no office in Florida[,] and does not service accounts or customers in Florida." (Doc. # 16-1 at 2). Stein additionally declares that he personally "do[es] not work in the State of Florida or do business in the State of Florida," that he has never worked or had an office in Florida, has no license to do business in Florida, has never had a Florida telephone number or post office box, and has no personal ties or family in Florida. (Id. at 1-2).

In this case, the allegations of the Complaint do not themselves establish a prima facie case of personal jurisdiction. Furthermore, Defendants have supplied evidence disputing the existence of personal jurisdiction. However, because SP 164 has provided the affidavit of Jeffrey Kaplan in an effort to cure the Complaint's deficient allegations, SP 164's evidence is to be credited even though it conflicts with Defendants' evidence. See Steinberg II, 2009 WL 806780, at *3 ("If the allegations of the complaint do not themselves establish a prima facie case of personal jurisdiction, or if they are controverted by the defendant's evidence, the plaintiff must respond with affirmative evidence to supply the deficiency. If the plaintiff does so, its evidence is to be credited even if

10

it conflicts with the defendant's evidence.") (internal citations omitted).

However, even though the Court credits SP 164's sworn statement that "Plaintiff and IS Agency, Inc. did have a business relationship," this vague statement, without more, does not persuade the Court that either Defendant is subject to section 48.193(1)(a)(1) of Florida's long-arm statute. In the absence of alleged facts sufficient to subject Defendants to Florida's long-arm statute, the Court cannot properly exercise personal jurisdiction over IS Agency and Stein.

**B. Due Process**

Even if SP 164 had alleged sufficient facts to demonstrate that the Florida long-arm statute provided a basis for personal jurisdiction over IS Agency and Stein, the Court nonetheless would be required to determine whether sufficient minimum contacts existed between Defendants and Florida so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996).

"[T]he determination of whether the assertion of personal jurisdiction over a nonresident defendant comports

11

with due process is itself a two-prong inquiry." Madara, 916 F.3d at 1515-16. First, a court must decide whether the defendant has established "minimum contacts" with Florida; second, the court must decide whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." Id. at 1516 (internal citations omitted).

"There are two types of personal jurisdiction: specific and general. Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation." Madara, 916 F.2d at 1516 n.7. "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." Meier, 288 F.3d at 1274; Crowe v. Paragon Relocation Res., Inc., 506 F. Supp. 2d 1113, 1123 (N.D. Fla. 2007) ("Indeed, to support the court's exercise of general jurisdiction, a defendant's business contacts with the forum must be especially pervasive and substantial.") (internal quotation omitted).

In response to the Motions to Dismiss, SP 164 appears to blend elements of both specific and general jurisdiction. At one point, SP 164 argues that Defendants "availed themselves to the Middle District of Florida where they entered into a business relationship with the Plaintiff," which would seem to suggest that SP 164 considers specific jurisdiction applicable in this case. (Doc. # 18 at 6).

Later in the response, however, SP 164 argues that Stein "is conducting other business in Florida," and specifically refers to a Florida corporation called "IS Contracting, Inc.," of which Stein is "the sole list[ed] officer." (Id. at 7). SP 164 thus argues that, due to Stein's apparent incorporation of a business in Florida, "Stein has availed himself of jurisdiction in Florida," and therefore that exercising personal jurisdiction over Stein would be appropriate as a result. (Id.). Because SP 164 has not attempted to argue that Stein's Florida contacts resulting from the incorporation of IS Contracting, Inc. are in any way related to the present dispute, SP 164's due process argument presumes the application of general jurisdiction to Stein. However, SP 164 has not demonstrated that Stein's general business contacts with the forum state

are "continuous and systematic," as is required to satisfy due process for general personal jurisdiction. Meier, 288 F.3d at 1274.

In light of the shortcomings of the jurisdictional allegations and supplemental documentation described herein, the Court finds it appropriate to allow the parties to engage in jurisdictional discovery before resolving the issue of personal jurisdiction in this case.

### C. Jurisdictional Discovery

"It is now clear that federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." Steinberg v. Alpha Fifth Group, No. 04-60899-CIV, 2008 WL 906270, at *10 (S.D. Fla. Mar. 31, 2008) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." Id. (internal quotation omitted). "When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss." Id.

"While some circuits allow jurisdictional discovery more freely than others, Eleventh Circuit precedent

14

indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." Id. "[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." Mother Doe I v. Al Maktoum, 632 F. Supp. 2d 1130, 1144 (S.D. Fla. 2007) (internal quotation omitted). While this Court recognizes that permitting such discovery may constitute an abuse of discretion where there are no legitimate grounds upon which jurisdiction could lie, that is not the situation presented here.

SP 164 claims that certain jurisdictional discovery is currently "pending" in this matter. (Doc. # 18 at 2, 7). As the discovery deadline is scheduled for April 14, 2014, SP 164 is well within the Court's designated time frame for discovery of this nature. (Doc. # 9 at 1). Accordingly, upon viewing all reasonable inferences in favor of SP 164 and crediting SP 164's evidence to the extent it conflicts with that of the Defendants, and upon finding that SP 164 has acted diligently with regard to the relevant discovery in this matter, the Court declines to rule on the issue of

15

personal jurisdiction until the conclusion of jurisdictional discovery.

### IV. Conclusion

The Court denies without prejudice the Motions to Dismiss in order to permit limited jurisdictional discovery. Although the Court acknowledges that SP 164 has already propounded jurisdictional discovery, the Court recognizes that, in light of the issues discussed in this Order, additional jurisdictional discovery may be required. Accordingly, SP 164 may serve additional written jurisdictional discovery on IS Agency and Stein on or before November 13, 2013. The Court directs IS Agency and Stein to respond to SP 164's requests for jurisdictional discovery on or before December 4, 2013. The discovery should be narrowly tailored to personal jurisdiction issues implicated by the Motions to Dismiss. The parties are directed to confer and cooperate in good faith in determining the logistics of discovery. Defendants may reassert their respective Motions upon completion of jurisdictional discovery.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Eric Stein's Motion to Dismiss (Doc. # 16) is **DENIED** without prejudice.

(2) Defendant IS Agency's Motion to Dismiss (Doc. # 17) is **DENIED** without prejudice.

(3) SP 164 may serve additional written jurisdictional discovery on IS Agency and Stein on or before November 13, 2013. The Court directs IS Agency and Stein to respond to SP 164's requests for jurisdictional discovery on or before December 4, 2013. The discovery should be narrowly tailored to personal jurisdiction issues implicated by the Motions to Dismiss. The parties are directed to confer and cooperate in good faith in determining the logistics of discovery.

(4) Defendants may reassert their respective Motions upon completion of jurisdictional discovery.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record